IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAINTERS LOCAL 802 PENSION FUND,
PAINTERS LOCAL 802 HEALTH FUND,
PAINTERS LOCAL 802 APPRENTICESHIP & TRAINING FUND, JEFF MEHRHOFF (in his capacity as Trustee),
MADISON AREA FINISHERS CONTRACTORS ASSOCIATION, and
PAINTERS LOCAL UNION NO. 802,

Plaintiffs,

v.

BADGER SPECIALTY COATINGS & CONSTRUCTION LLC,

Defendant.

ORDER

21-cv-548-jdp

---

Plaintiffs move for default judgment in this case for unpaid employer contributions. Dkt. 8. The court will deny the motion without prejudice to allow plaintiffs to address multiple problems.

First, Painters Local Union No. 802 is named as a plaintiff and is included in the proposed order, but plaintiffs identify no damages that they are seeking on behalf of the union. Plaintiffs should either explain this discrepancy or move to dismiss the union from the case.

Second, the amounts that plaintiffs seek for interest and liquidated damages in their brief do not match the amounts sought in their proposed order. *Compare* Dkt. 13, at 1 *with* Dkt. 8-1. There is an unexplained discrepancy of several hundred dollars for both types of damages. And plaintiffs don't provide the underlying calculations for the amounts, so the court cannot determine which amount, if either, is correct.

Third, plaintiffs submitted the declaration of Kristina Prebil, who identifies the alleged amounts that defendant Badger Specialty Coatings & Construction LLC currently owes to each plaintiff (except the union), for a total of $40,638.51 in unpaid contributions. Dkt. 11. But it's not clear how Prebil arrived at these figures. She identifies amounts that she says Badger Specialty has paid since the last audit. But neither she nor any other witness identifies how much Badger Specialty owed each plaintiff at the conclusion of the audits. Emil Pocernich says that Badger Specialty had a total of $61,854.48 in unpaid contributions at one point, but he doesn't identify how much each plaintiff was owed. Dkt. 10, ¶ 6. And if the additional contributions identified by Prebil are subtracted from the total identified by Pocernich, the difference is $43,269.99, not $40,638.51.

The court will deny plaintiffs' motion for default judgment without prejudice to allow them to address each of these concerns. If they choose to renew their motion, plaintiffs' supporting brief should make it clear how they arrived at the amounts in their proposed judgment, providing the basic calculations they used for each plaintiff, and not simply point to a stack of documents. If they choose to renew their request for attorney fees, they should omit from their fee petition the time they spent on their original motion for default judgment. As the court has informed this counsel before, if they are unable to adequately support their default motion, the court will deny their request for damages and fees. *See Wisconsin Masons' Health Care Fund v. Iconic Finishes, LLC*, No. 21-cv-268-jdp, 2021 WL 5167290, at *1 (W.D. Wis. Oct. 1, 2021).

ORDER

IT IS ORDERED that plaintiffs' motion for default judgment, Dkt. 8, is DENIED without prejudice.

Entered February 22, 2022.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge